UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PREMIER HOLDING GROUP, LLC,

Plaintiff,

v.

HOPE'S WINDOWS, INC.,

Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 12-0076
(JEI/AMD)

**MEMORANDUM AND ORDER TO REMAND**

**APPEARANCES:**

BROWN & CONNERY
By:  Eric D. Milavsky
William M. Tambussi
360 Haddon Avenue
Westmont, NJ 08108
        Counsel for Plaintiff

HARRIS BEACH PLLC
By:  Steven A. Stadtmauer
One Gateway Center
Suite 2500
Newark, NJ 07102
        Counsel for Defendant

**IRENAS**, Senior District Judge:

This matter having appeared before the Court on Plaintiff's Motion to Remand, Dkt. No. 6, the Court having considered the submissions of the parties, and it appearing that:

(1)  Premier Holding Group, LLC ("Premier") is a limited liability company composed of two members, both of whom are New Jersey citizens.  In 2006, Premier purchased property in Palm Beach, Florida and began building a custom home thereon.  Through its general contractor, Gary F. Gardner, Inc. ("Gardner"),

1

Premier retained Hope's Windows, Inc. ("Hope's"), a Delaware corporation with its principal place of business in New York, for the procurement and installation of custom made windows.  The windows ultimately installed by Hope's, however, did not meet Premier's specifications, a failure Premier alleges reduced "both the subjective and objective value of Premier's custom home." Pl.'s Br. 4.

(2)  Premier sued Hope's in the Superior Court of New Jersey, Camden County to recover the damages incurred by the unsatisfactory installation.  Hope's was served with the complaint February 7, 2011.  After receiving two extensions, Hope's answered the complaint, moved to dismiss it based on a forum selection clause claimed to be incorporated into the sales contract, and engaged in discovery.[1]

(3)  With Premier's suit ongoing in state court, Hope's brought a cause of action in this Court on December 21, 2011 seeking contribution and indemnification against the construction project's architect, The Lawrence Group, Inc. ("Lawrnce"), its general contractor, Gardner, and the interior designer, Michael Murtha Interior Design ("Murtha").

(4)  Following correspondence between the parties and the Court

---

[1] Hope's also wrote Premier pursuant to New Jersey Court Rule 1:4-8, which mandates that a party demand that its adversary withdraw a paper believed to be frivolous before that party seeks sanctions against the adversary for the filling of frivolous papers.

in relation to Hope's federal court claim, Hope's removed Premier's suit on January 5, 2012.  Premier timely moved for remand February 6, 2012.[2]  The Court now grants its motion.

(5)  Pursuant to 28 U.S.C. 1446(b), a defendant desiring to remove any civil action from a State court must do so within 30 days of receipt of the initial pleading, or, if the case stated by the initial pleading is not removable, within 30 days from receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

(6)  Hope's argues that because the first paper explicitly showing that diversity jurisdiction exists was a January 4, 2012 letter submitted by Premier, Def.'s Br. Opp'n 2, its removal on January 5, 2012 was timely.

(7)  Such an argument, however, ignores the fact that "where the initial pleading is indeterminate as to the parties' citizenship, the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." *Evanston Ins. Co. v.*

---

[2] Hope's contends that Premier's motion for remand was untimely because it was filed after the 30 day time limit imposed by 28 U.S.C. 1447(c)(requiring a party to move for remand within 30 days from the filling of the notice of removal).  Hope's contention is incorrect.  Hope's removed on January 5, 2012.  *See* Dkt. No. 1.  If the thirtieth day falls on a weekend or holiday, as was the case here, Fed. R. Civ. P. 6(a)(1) automatically extends the deadline to "the next day that is not a Saturday, Sunday, or legal holiday."  Thus, Premier's deadline for filing a motion for remand was February 6, 2012, the day on which Premier so moved.

*Cozen O'Conner, P.C.*, 2007 WL 869614, at *5 (D.N.J. Mar. 20, 2007) (quoting *Davis v. Baer*, 599 F.Supp. 776, 779 (E.D. Pa. 1984)).  Because Premier's initial pleading, the complaint filed in state court, defined Premier as a "limited liability corporation," as well as included Premier's full title as "Premier Holding Group, LLC," *see* Dkt. No. 1, Ex. A, Hope's had the burden to timely determine the citizenship of Premier and the removability of the suit.[3]

(8)  Hope's contention that the paper that triggers the time limit can only be one that explicitly articulates the grounds for removal is belied by the stated purpose of the time limit: "to allow the defendant to intelligently ascertain removability." *Graphic Scanning Corp. v. Yampol*, 677 F.Supp. 256, 259 (D.Del.1988)(quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).

(9)  Furthermore, Hope's position would lead to an expansion of removal jurisdiction, something the Third Circuit has directly rejected.  *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)("28 U.S.C. § 1441 is to be strictly construed against removal.").

(10) Although remand is clearly appropriate, it is also apparent that these two cases, Premier's suit against Hope's and Hope's

---

[3] The citizenship of an LLC is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

contribution action, should be heard as one matter.  Not only does the efficient allocation of judicial resources demand that one fact finder determine the events underlying these two suits, but Hope's federal court action may very well be moot if it is found that Hope's is not liable to Premier.  Consequently, in Hope's contribution claim, the Court will order Hope's and Premier to show cause why and why not, respectively, Premier should be joined as a necessary party.  Such joinder would allow Premier to prosecute its claims against Hope's as plaintiff, enable Hope's to defend itself against Premier as defendant and maintain its claims against Gardner, Lawrence, and Murtha as third-party plaintiff, and permit Gardner, Lawrence, and Murtha to defend themselves as third-party defendants.  Accordingly,

**IT IS** on this ___3ʳᵈ___ day of May, 2012,

**ORDERED THAT:**

(1)  Premier's motion to remand (Dkt. No. 6) is **GRANTED**.

(2)  The Clerk of the Court is ordered to **CLOSE THIS CASE**.

_____
**JOSEPH E. IRENAS, S.U.S.D.J.**